UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
STANLEY TAYLOR,

        *Plaintiff*,

    v.

NEW YORK CITY FRESH MARKET
and JOHN DOE, Security Guard,

        *Defendants*.
----------------------------------X

**MEMORANDUM & ORDER**

19-CV-4797(KAM)(LB)

**MATSUMOTO, United States District Judge**:

On August 16, 2019, *pro se* plaintiff Stanley Taylor ("plaintiff") filed this action against defendants New York City Fresh Market, a grocery store, and John Doe, a grocery store security guard (collectively, "defendants"), alleging that defendants violated his civil rights by unreasonably detaining and searching his person while he was on store premises. (*See generally* ECF No. 1, Complaint ("Compl.").) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, however, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

## Background

The following allegations are taken from plaintiff's complaint and accepted as true for the purpose of issuing this Memorandum and Order:

On August 27, 2017, plaintiff was "unreasonably detained and searched" by an unidentified security guard employed by a grocery store located at 150 Myrtle Avenue in Brooklyn, New York. (Compl. at 5.) Although plaintiff does not identify this grocery store by name, the court presumes that plaintiff intends to reference New York City Fresh Market, the store identified in the caption of this complaint. (*Id.* at 1.) This was the second time plaintiff had been detained and searched while on this store's premises. (*Id.* at 5.) Neither search revealed any misconduct on the part of plaintiff. (*Id.*)

Plaintiff alleges that these searches occurred due to his race, stating that he was a victim of "shopping while black." (*Id.* 4.) Plaintiff asserts that non-Black patrons were not detained and searched in a similar manner by the store's security or staff. (*Id.*) With respect to injuries, Plaintiff alleges that, as a result of these incidents, he has "suffer[ed] serious emotional and physical harm," requiring "several visits to [the] hospital and emergency rooms and doctor visits." (*Id.* at 6.) Plaintiff claims $2,000,000 in damages. (*Id.* at 6.)

Plaintiff filed the complaint in this action on August 16, 2019, alleging civil rights violations. (*Id.* at 4-5.) Plaintiff checked the boxes indicating that he was bringing suit against both "state or local officials" (pursuant to 42 U.S.C. § 1983) and "federal officials" (pursuant to *Bivens v. Six Unknown*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). (*Id.* at 4.) Plaintiff does not, however, allege any nexus between the store and/or security guard and any municipal, state, or federal government actor, nor does he allege that the police played any role in either of the searches identified in his complaint. Moreover, Plaintiff does not allege any facts against any municipal, state, or federal official.

**Standard of Review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where, as here, the plaintiff is proceeding *pro se*, courts must construe the plaintiff's pleadings liberally. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). However, a *pro se* complaint must still state a claim to relief that is plausible on its face. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010).

Importantly, where the plaintiff is proceeding *in forma pauperis*, the district court must screen the complaint and dismiss any action that "(i) is frivolous or malicious; (ii)

3

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In considering whether to dismiss a complaint, the court accepts as true all factual allegations it contains. *Iqbal*, 556 U.S. at 678.

### Discussion

Plaintiff's complaint purports to bring claims pursuant to both 42 U.S.C. § 1983 and *Bivens*. (*See* Compl. at 4.) The court will address each cause of action in turn.

**I. State or Local Conduct – 42 U.S.C. § 1983**

*First*, plaintiff states that he is bringing this action against "state or local officials" pursuant to 42 U.S.C. § 1983. Section 1983 provides, in relevant part, that:

> Every person who, *under color of any statute, ordinance regulation, custom, or usage*, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks

4

omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003); *see also American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks omitted)).

"In order to satisfy the state action requirement where the defendant is a private entity, the allegedly unconstitutional conduct must be 'fairly attributable' to the state." *Tancredi*, 316 F.3d at 312-13 (citing *Sullivan*, 526 U.S. at 50). "Conduct that is ostensibly private can be fairly attributed to the state only if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (citing *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted)).

"Generally, the acts of private security guards, hired by a store, do not constitute state action under § 1983. *Prowisor v. Bon-Ton, Inc.*, 426 F. Supp. 2d 165, 170 (S.D.N.Y. 2006), *aff'd*, 232 F. App'x 26 (2d Cir. 2007) (quoting *Guiducci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 37 (E.D.N.Y. 2004)).

5

The actions of private security guards may, however, constitute state action where the guards are given the authority of state law, or where they are willful participants in the joint activity of the State or its agents. *Guiducci*, 320 F. Supp. 2d at 37 (quoting *Josey v. Filene's, Inc.*, 187 F. Supp. 2d 9, 16 (D. Conn. 2002) (internal quotation marks omitted)).

Plaintiff brings this action against a grocery store and its security guard; he does not allege that either is a government actor, much less any facts in support. Moreover, plaintiff does not allege that the grocery store or the security guard acted under the authority of state law (or were given such authority), nor that there was any joint activity between the grocery store, the private security guard, and state officials that might conceivably convert the conduct challenged in plaintiff's complaint into state action for the purpose of § 1983. In fact, plaintiff pleads no facts suggesting a nexus between the grocery store and/or security guard and the state whatsoever. Plaintiff has not alleged any facts from which the court could infer a nexus between the state and the challenged action and thus fails to state a plausible claim to relief under § 1983.

## II. Federal Conduct – *Bivens*

*Second*, plaintiff states that he is bringing this action against "federal officials" pursuant to *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "*Bivens* claims are treated as analogous to claims under 42 U.S.C. § 1983 and incorporate the same law." *Garcia v. Watts*, No. 08-cv-7778 (JSR), 2009 WL 2777085 (S.D.N.Y. Sept. 1, 2009) (collecting cases). "The elements of a *Bivens* claim are: (1) that a defendant acted 'under color of federal law' (2) 'to deprive plaintiff of a constitutional right.'" *Barbaro v. U.S. ex rel. Fed. Bureau of Prisons FCI Otisville*, 521 F. Supp. 2d 276, 281 (S.D.N.Y. 2007) (quoting *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

"As with § 1983 claims, a *Bivens* action does not apply to purely private conduct. Only private conduct that is 'fairly attributable' to a government actor may serve as a basis for a *Bivens* action." *Ross v. Dempsey Unif. & Linen Supply*, No. 16-cv-1208, 2016 WL 8652438, at *7 (N.D.N.Y. Dec. 29, 2016), *report and recommendation adopted*, No. 16-cv-1208, 2017 WL 1207832 (N.D.N.Y. Mar. 31, 2017), *aff'd*, 739 F. App'x 59 (2d Cir. 2018) (citing *Larry Carter Center v. Catholic Charities*, 2015 WL 4067559, at *5 (N.D.N.Y. July 2, 2015) (citing cases)). "In this regard, the private party's actions must have been 'commanded or encouraged by the federal government, or that the defendants were so intertwined with the government as to become painted with color of [federal] action.'" *Id.* (quoting *Strother v. Harte*, 171 F. Supp. 2d 203, 206 (S.D.N.Y. 2001)).

7

Plaintiff has alleged no facts from which the court could infer a nexus between the conduct challenged in the complaint and the federal government. Therefore, as with plaintiff's § 1983 claim, Plaintiff fails to state a plausible *Bivens* claim. *See, e.g., Yorzinski v. Imbert*, 39 F. Supp. 3d 218, 222 (D. Conn. 2014) ("*Bivens* liability does not extend to private employees.").

### III. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted). The court strains to imagine how plaintiff might allege a nexus between the conduct alleged in his complaint and local, state, or federal action. Still, given plaintiff's *pro se* status, the court will grant plaintiff an opportunity to file an amended complaint setting forth any specific facts demonstrating a nexus between the challenged conduct and local, state, or federal action.

### Conclusion

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is granted, but his complaint is dismissed *sua sponte* without prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §

1915(e)(2)(B). In light of plaintiff's *pro se* status, the court grants plaintiff leave to file an amended complaint within thirty (30) days of the docketing of this Memorandum and Order.

The amended complaint will completely replace plaintiff's original complaint. It must be captioned as an "Amended Complaint" and bear the same docket number as this Order, 19-cv-4797(KAM)(LB). No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days or until further order of the Court. The Clerk of Court is directed to serve a copy of this Memorandum and Order on plaintiff and note service on the docket.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: September 6, 2019
Brooklyn, New York

s/Kiyo A. Masumoto
_____
Hon. Kiyo A. Matsumoto
United States District Judge